# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELAUN DEADMON, CDC #D-58206,<br><br>            Plaintiff,<br><br>vs.<br><br>N. GRANNIS, et al.,<br><br>            Defendants. | Civil No.   06-1382 LAB (WMc)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND FIRST AMENDED COMPLAINT [Doc. No. 6] PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

On July 3, 2006, Plaintiff, Relaun Deadmon, a state prisoner currently incarcerated at the Corcoran State Prison located in Corcoran, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). The Court granted Plaintiff's Motion to Proceed *IFP* but sua sponte dismissed his Complaint for failing to state a claim upon which § 1983 relief could be granted. *See* August 25, 2006 Order at 5-6. Nonetheless, the Court granted Plaintiff forty five (45) days to file an Amended Complaint correcting the deficiencies of pleading identified by the Court. *Id*. at 6. On October 19, 2006, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 6].

////

---

[1] The proceedings were assigned to this Court, but all post-service matters have been referred to Magistrate Judge William McCurine, Jr. by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

**I.       Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's First Amended Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

**II.      Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      The Clerk shall issue the summons as to Defendants, provide Plaintiff with a certified copy of both this Order and his First Amended Complaint and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his First Amended Complaint. Plaintiff shall complete the Form 285s and forward them to the United States

1  Marshal. The U.S. Marshal serve a copy of the First Amended Complaint upon Defendants as
2  directed by Plaintiff on each U.S. Marshal Form 285. All costs of service shall be advanced by
3  the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

4     2. Defendants are thereafter **ORDERED** to reply to the First Amended Complaint
5  within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).
6  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the
7  right to reply to any action brought by a prisoner confined in any jail, prison, or other
8  correctional facility under section 1983," once the Court has conducted its sua sponte screening
9  pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary
10 determination based on the face on the pleading alone that Plaintiff has a "reasonable
11 opportunity to prevail on the merits," Defendants are required to respond).

12     3. Plaintiff shall serve upon Defendants or, if appearance has been entered by
13 counsel, upon Defendants' counsel, a copy of every further pleading or other document
14 submitted for consideration of the Court. Plaintiff shall include with the original paper to be
15 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
16 of any document was served on Defendants, or counsel for Defendants, and the date of service.
17 Any paper received by the Court which has not been filed with the Clerk or which fails to
18 include a Certificate of Service will be disregarded.

19     **IT IS SO ORDERED.**

20 DATED: February 7, 2007

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge